Citation Nr: 1550111 
Decision Date: 11/30/15 Archive Date: 12/04/15

DOCKET NO. 08-16 214 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Phoenix, Arizona


THE ISSUE

Entitlement to service connection for a left foot disorder.


REPRESENTATION

Appellant represented by: Chad M. McFarland, Attorney


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

T. Yvette Hawkins, Counsel


INTRODUCTION

The Veteran served on active duty from January 1974 to April 1974.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a May 2007 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Phoenix, Arizona.

In June 2010, the Veteran testified before the undersigned Veterans Law Judge (VLJ) during a Travel Board hearing at the Phoenix RO. A transcript of the hearing has been associated with the claims folder. 

In a November 2013 decision, the Board denied the Veteran's claims of entitlement to service connection for a lumbar spine disorder, service connection for a hip disorder, service connection for a left knee disorder and service connection for a left foot disorder. The Veteran appealed the decision to the United States Court of Appeals for Veterans Claims (Court). In January 2015, pursuant to a Joint Motion for Partial Remand (JMR) filed by VA and the Veteran's attorney, that portion of the Board's decision denying service connection for a left foot disorder was vacated and remanded back to the Board for further development consistent with an order from the Court. The appeal as to the remaining issues was dismissed. 

This appeal was partly processed using the Veterans Benefits Management (VBMS) and Virtual VA paperless claims processing systems.

The issue of whether there was clear and unmistakable error in the April 1995 rating decision, which denied service connection for a head injury, a left ankle disorder and a nervous condition, has been raised by the record in a June 2015 statement, but has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2015). 


The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.


REMAND

In the January 2015 JMR, the parties agreed that the Board erred by failing to adequately address the reasons and bases for its reliance on certain medical evidence. Specifically, the parties found that the Board failed to address a statement from a March 1994 private physician that x-ray evidence of the Veteran's left foot arthritis was "suggestive of old healed intra-articular fractures of L[eft] midfoot," or discuss why this evidence was not considered probative. They further found that the Board failed to address the conclusions from a December 2010 VA examiner, who found that the Veteran's left foot disorder was related to physical abuse during service. Therefore, the issue must be remanded for additional due process considerations. Bernard v. Brown, 4 Vet. App. 384, 392-94 (1993). 

Accordingly, the case is REMANDED for the following action:

1. The Veteran's claims file/e-folder should be returned to the examiner who performed the January 2013 foot examination (if at all feasible) for an examination addendum. If that examiner is not available, return the file to a similarly-qualified examiner. The examiner(s) may conduct any further physical examination necessary to respond to the inquiries:

(a) The examiner must review the March 1994 outpatient evaluation by the Veteran's private clinician, who noted that Veteran's x-rays showed findings "suggestive of possible old healed intra-articular fractures of L[eft] midfoot," and discuss how this record factors in to the examiner's opinion that the Veteran's left foot disorder was not the result of active duty service.

(b) The examiner must review the December 2010 VA foot examination report and comment on the conclusion of the examiner, who opined that the Veteran's foot problems were as likely as not caused and/or exacerbated by abuse during active duty service. The examiner must discuss how this opinion factors into his January 2013 opinion that the Veteran's left foot disorder was not the result of active duty service.

2. Thereafter, review the claims folder to ensure that the foregoing requested development has been completed and readjudicate the claim. If the benefit sought on appeal is not granted to the Veteran's satisfaction, the Veteran and his attorney should be provided with a Supplemental Statement of the Case and afforded the opportunity to respond thereto. The matter should then be returned to the Board, if in order, for further appellate process.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

 

 (CONTINUED ON NEXT PAGE)



This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
Vito A. Clementi
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).